UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-573-FDW
(3:13-cr-261-FDW-1)

| | |
|---|---|
| **MICHAEL A. MARSHALL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 3).

**I.     BACKGROUND**

1. Employing his uncle as a straw borrower, Petitioner Michael A. Marshall buys seven luxury automobiles, defaults on every loan, and fraudulently obtains clean titles.

In 2012, Petitioner's uncle, Frederick Neal, approached Petitioner about working for him. See (Crim. Case No. 3:13cr261-FDW-1, Doc. No. 76 at ¶ 17: PSR). Neal had lost his job as a result of his addiction to crack cocaine. Because Neal's credit rating was high, Petitioner suggested a joint venture through which Petitioner would use Neal as a straw borrower on loans enabling Petitioner to buy luxury vehicles that he would use personally and that he would rent. In exchange, Neal was to receive 30% of the profits from the car rentals. (Id.).

Neal and Petitioner bought seven luxury vehicles from Planet Suzuki, a dealership in Charlotte, North Carolina. (Id. at ¶¶ 10-16). The automobiles included two Land Rovers, a 2011 Porsche Panamera, two Mercedes, a Maserati Gran Turismo, and a 2006 Bentley Continental.

1

(Id.). Although Petitioner negotiated the transactions, the credit applications and all other documents related to the transactions were signed in Neal's name, and the titles and registration were issued in Neal's name. See (Id. at ¶ 6). When asked for Neal's employment information, they falsely claimed that Neal was employed as a consultant by GM Financial Group and earned over $8,000 a month. (Id. at ¶ 7).

In the months following these purchases, the pair fraudulently "wiped" the title of most of the vehicles by going to the North Carolina Department of Motor Vehicles and requesting duplicate titles, claiming that the originals had been lost. They also provided false lien releases. Based on these false lien releases, the DMV issued new "clean" titles that reflected no liens. (Id. at ¶ 8). With the "clean" titles, Petitioner sold or traded most of the cars through his business, Luxotic Rentals, Inc. (Id. at ¶ 9). He eventually defaulted on all of the loans that he obtained using Neal's identity. Lenders lost over $425,000 as a result of the scheme. (Id. at ¶ 19).

2. Petitioner is charged with conspiracy to commit offenses against the United States, aiding and abetting bank fraud, and money laundering conspiracy.

A grand jury indicted Petitioner and Neal, charging them with conspiracy to commit offenses against the United States, including making false statements to financial institutions, wire fraud, and bank fraud, in violation of 18 U.S.C. § 371 (Count One); bank fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1344, 2 (Count Two); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Three). (Id., Doc. No. 1: Indictment). Neal pleaded guilty to bank fraud and money laundering and testified at Petitioner's trial. (Id., Doc. No. 95 at 168, 170).

Petitioner filed a motion to dismiss or for a bill of particulars, arguing that the Indictment was insufficient because it did not allege conspiracy to commit wire fraud with sufficient

specificity and that it violated the rule against multiplicity by charging him with conspiracy in Count One and Count Three. (Id., Doc. No. 18). This Court denied the motion, holding that Count One did not charge Petitioner with wire fraud and was not deficient and that Counts One and Three were not multiplicitous. (Id., Doc. No. 21).

Petitioner filed a second motion to dismiss the Indictment, this time asserting that the bank fraud count should be dismissed because it did not allege that he had acted knowingly. (Id., Doc. No. 23). Petitioner subsequently elected to proceed pro se, and he filed an amended motion to dismiss, arguing that the Indictment did not provide adequate notice of the charges against him, would not allow him to plead double jeopardy if tried again for the same charges, and failed to show federal jurisdiction. (Id., Doc. No. 38). This Court denied the motion, holding that the "Indictment tracks the statutory language and sets for[th] the essential elements in each count." (Id., Doc. No. 44 at 2). Petitioner proceeded to trial, and a jury convicted him of all charges. (Id., Doc. No. 57: Jury Verdict).

A probation officer prepared a presentence report, recommending that this Court sentence Petitioner at offense level 25, and criminal history category IV. (Id., Doc. No. 73 at ¶¶ 48, 73). The probation officer based Petitioner's criminal history score on his prior 2001 and 2009 convictions. (Id. at ¶¶ 56, 70). In 2001, Petitioner was convicted of conspiracy to use social security numbers to commit unauthorized access device fraud; use of unauthorized access devices and aiding and abetting the same; and fraudulent use of social security numbers and aiding and abetting the same. (Id. at ¶ 56). He received a 15-month sentence, and his term of supervised release expired on June 27, 2004. (Id.). In 2009, Petitioner was convicted of making a false statement on a loan and credit application; making a false representation of a social security number; bank fraud; and aggravated identity theft. (Id. at ¶ 70). He originally received

3

a 30-month sentence (including 16 months of imprisonment on the fraud counts), but his conviction for aggravated identity theft was later overturned. (Id.). Although Petitioner was released from confinement, he was later sentenced to an additional 30 months of imprisonment for violating the terms of his supervised release. (Id.). The probation officer found that each of Petitioner's prior convictions earned him three criminal history points pursuant to United States Sentencing Guidelines § 4A1.1(a), and he earned an additional two points pursuant to § 4A1.1(d) because he committed the instant offense while serving his term of supervised release. (Id. at ¶¶ 56, 70, 72). The applicable guidelines range was 84 to 105 months of imprisonment. (Id. at ¶ 111).

Petitioner objected to the PSR, arguing, inter alia, that his sentence for the 2001 offense was less than a year and a month and, therefore, he should only have received two points for this prior offense. (Id., Doc. No. 76 at p. 29: PSR addnm.). This Court granted Petitioner's objection to the two-level increase for having been convicted of violating Section 1956(h), but overruled his remaining objections and determined that the total offense level was 24. (Id., Doc. No. 84: Statement of Reasons). This Court sentenced Petitioner within the guidelines range to 96 months of imprisonment. (Id., Doc. No. 83: Judgment).

Petitioner appealed, arguing that the evidence was insufficient to support his convictions; the Court erred when it instructed the jury as to the elements of bank fraud; and that the Court erred in calculating the amount of loss. United States v. Marshall, 663 F. App'x 275 (4th Cir. 2016), cert. denied, 137 S. Ct. 1118 (2017). The Fourth Circuit affirmed, rejecting "as wholly without merit [Petitioner's] challenges to the sufficiency of the evidence underlying his convictions on all three counts." Id. at 276. Petitioner timely filed the pending Section 2255 motion in September 2017, arguing that he received ineffective assistance of counsel on appeal.

Specifically, Petitioner contends that he received ineffective assistance of counsel on appeal because his attorney did not challenge this Court's denial of the pretrial motion to dismiss or argue that this Court incorrectly calculated his criminal history score (Civ. Doc. No. 1). The Government filed the pending motion to dismiss on November 28, 2017. (Doc. No. 3). On November 30, 2017, the Court entered an order notifying Petitioner of his right to respond to the motion to dismiss. (Doc. No. 4). Petitioner filed his Reply on January 4, 2018. (Doc. No. 7). This matter is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Sixth Amendment, criminal defendants have the right to effective assistance of counsel. U.S. CONST. amend. VI. To prevail on a § 2255 claim of ineffective assistance of counsel, a petitioner has the burden of establishing both (1) that defense counsel's performance was deficient, in that counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) that this deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Courts must apply a "highly deferential" standard in reviewing an attorney's performance and "must indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance." Id. at 689. To establish prejudice, the petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is not sufficient to show the mere "'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In considering the prejudice prong, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). If a petitioner fails to conclusively demonstrate prejudice, the reviewing court need not consider whether counsel's performance was deficient. United States v. Terry, 366 F.3d 312, 315 (4th Cir. 2004).

Courts should ordinarily only find ineffective assistance for failure to raise claims on appeal when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 259, 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden to show that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different, i.e., he would have prevailed on appeal. See Robbins, 528 U.S. at 285-86.

For the following reasons, the Court will grant the Government's motion to dismiss on the grounds that Petitioner's claim is conclusory and without merit. Pursuant to Rule 2 of the Rules Governing § 2255 Proceedings for the District Courts, a Section 2255 petitioner must "specify all the grounds for relief" and "state the facts supporting each ground." Petitioner argues in conclusory fashion that he received ineffective assistance of counsel on appeal because his attorney did not challenge this Court's denial of the pretrial motion to dismiss or argue that this Court incorrectly calculated his criminal history score. (Civ. Doc. No. 1 at 4). Petitioner does not specify which pretrial motion to dismiss should have been granted or why the motion should have been granted, nor does he specify how his criminal history score was incorrectly calculated. Because Petitioner has not complied with Rule 2, his claims are subject to dismissal as conclusory. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss Section 2255 claims based on vague and conclusory allegations).

In any event, Petitioner's ineffective counsel claim is without merit. First, the Indictment was sufficient, and Petitioner has not shown that counsel was deficient or that he was prejudiced by counsel's failure to raise the pretrial motion to dismiss on appeal. An indictment must provide a defendant with sufficient notice of the charge against him so he can defend against it and plead acquittal or conviction if any subsequent attempt is made to prosecute him for the same offense. United States v. Smith, 44 F.3d 1259, 1263-64 (4th Cir. 1995). It is generally sufficient if an indictment follows the words in the statute. Id. at 1264. Charges are not multiplicitous as long as each offense requires proof of a fact not required by the other. United States v. Ashley Transfer & Storage Co., 858 F.2d 221, 223 (4th Cir. 1988) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). This is true even if the same evidence is used to prove each offense. See United States v. Tedder, 801 F.2d 1437, 1446-47 (4th Cir.

7

1986) (rejecting claim of multiplicity where different conspiracy charges were directed at distinct evils).

To prove a Section 371 conspiracy, the government must show: "(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the objective, and (3) an intent on the part of the conspirators to agree, as well as to defraud the United States." Tedder, 801 F.2d at 1446. To establish a violation of Section 1344(2), the government must prove: (1) "that the defendant knowingly execute[d] a scheme to obtain property held by a financial institution through false or fraudulent pretenses," (2) that "he did so with intent to defraud," and (3) that "the institution was a federally insured or chartered bank." United States v. Adepoju, 756 F.3d 250, 255 (4th Cir. 2014). The elements of money laundering conspiracy under Section 1956(h) are: "(1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C. § 1956(a) or § 1957; (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy." United States v. Green, 599 F.3d 360, 371 (4th Cir. 2010).

Here, each of the offenses with which Petitioner was charged contains distinct elements, and the Indictment adequately states each charge. (Doc. No. 1). Accordingly, counsel was not deficient for failing to challenge the denial of the motion to dismiss on appeal, and Petitioner cannot show prejudice from counsel's failure to raise a meritless issue.

Next, as to Petitioner's contention that counsel provided ineffective assistance by failing to challenge his criminal history score on appeal, this Court correctly calculated Petitioner's criminal history score. The prior convictions for which Petitioner received criminal history points occurred within fifteen years of his commission of the instant offense. See U.S.S.G. §

4A1.2(e)(1). Petitioner's sentence for each of these prior convictions exceeded a year and a month. (Crim. Case No. 3:13-cr-261-FDW-1, Doc. No. 76 at ¶¶ 56, 70). Therefore, he properly received three points for each conviction pursuant to U.S.S.G. § 4A1.1(a). Finally, because he was still serving a term of supervised release when he committed the instant offense, another two points were added to his criminal history score under U.S.S.G. § 4A1.1(d). Petitioner's eight criminal history points earned him a criminal history category of IV, the category used to calculate his guidelines range. See (Id., Doc. No. 84). Because Petitioner's criminal history score was properly calculated, Petitioner cannot meet his burden to show that counsel's failure to challenge this score was deficient or prejudiced him. Accordingly, this claim lacks merit and will be dismissed.[1]

In sum, because Petitioner's claim of ineffective assistance of counsel is conclusory and without merit, his motion to vacate will be denied and dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**. To this extent, the Government's Motion to Dismiss, (Doc. No. 3), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

---

[1] Petitioner contends in his Reply that the Government did not meet its evidential burden on summary judgment under Fed. R. Civ. P. 56. The Government did not file a summary judgment motion. Rather, this matter is before the Court on the Government's motion to dismiss, which was properly brought.

certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 16, 2018

Frank D. Whitney
Chief United States District Judge